# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREW HALABI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 17-10137-FDS |
| ) | |
| CANTON POLICE DEPARTMENT, ) | |
| JOHN DOE 1, JOHN DOE 2, ) | |
| JOHN DOE 3, and JOHN DOE 4, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will (1) conditionally grant the motion to proceed *in forma pauperis*, (2) deny the motion for service by mail, (3) deny without prejudice the motion for appointment of *pro bono* counsel, (4) dismiss without prejudice the claims against the Canton Police Department, and (5) order the plaintiff to file an amended complaint.

**I.      Background**

On January 19, 2017, *pro se* prisoner plaintiff Andrew Halabi filed a self-prepared complaint against the Canton Police Department and four unknown defendants, or "John Does," for violation of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In addition to his complaint, plaintiff filed a motion for leave to proceed *in forma pauperis* and a motion for service by regular mail. On February 3, 2017, this Court issued a procedural order denying the motion to proceed *in forma pauperis* without prejudice because plaintiff had failed to provide the required prison account statement. On February 7, 2017, plaintiff filed a motion to appoint counsel. On February 15, 2017, plaintiff filed a renewed motion to proceed *in forma pauperis*

and a prison account statement. Apparently after mailing the motion, but prior to its docketing, plaintiff was released from custody..

The complaint alleges the following facts. Plaintiff is a disabled diabetic with several complications. He was arrested on April 1, 2016, at 3:00 a.m., by the Canton Police. Compl. ¶¶4-5. While in custody at the Canton Police Department, he experienced symptoms indicative of hypoglycemia and informed the defendants of his medical issues. Compl. ¶¶6-7. Defendants allegedly refused him medical treatment and to provide food or drink that would alleviate the symptoms. Compl. ¶¶7-8. Plaintiff also asked that his left ankle restraint not be tightened because of his medical conditions. Compl. ¶9.

At 3:00 p.m. that same day, while being processed at the Norfolk County House of Correction, plaintiff lost consciousness and required CPR. Compl. ¶10.[1] He was treated in the infirmary for a week and released to general population, where he contends that he had ongoing symptoms, as well as pain and suffering. Compl. ¶¶10-13. He contends that his civil rights under the Eighth Amendment to the United States Constitution have been violated.

## II.     Discussion

### A.     The Court Will Conditionally Allow the Motion to Proceed *In Forma Pauperis*

The filing-fee requirements applicable to prisoners proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915(b) no longer apply to plaintiff because he is no longer detained. *See Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013) (citing *DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003)). Rather, the fee-payment requirements of non-prisoners proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915(a) apply. *Id.* Plaintiff apparently receives social security disability income and reports that he is unemployed. He also avers that

---

[1] Norfolk County Correctional Center is likely the facility plaintiff intended to identify in the complaint.

he has no other sources of income and no assets. On this record, the Court concludes that plaintiff lacks funds to prepay the filing fee. The Court will conditionally grant the motion.

However, because the plaintiff's detention status has changed after his submission of information to the Court, to the extent that any information contained therein has materially changed other than his detention status, he shall, within 14 days of the entry of this memorandum and order, file an updated Application to Proceed in District Court without Prepaying Fees or Costs. Because he is proceeding *in forma pauperis*, the action is subject to screening and the court may dismiss a claim *sua sponte* if it is frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

**B.     The Court Will Deny the Motion to Serve by Regular First-Class Mail**

Plaintiff requested that service be permitted by mail because he is indigent and at the time he filed the motion he was in custody. He reports that he is no longer in custody. Moreover, if summonses eventually issue in this action, the costs of service of the summons and complaint may be advanced by the United States Marshals Service because he is being permitted to proceed *in forma pauperis*. Accordingly, plaintiff's motion for service by regular first-class mail will be denied.

**C.     The Court Will Deny the Motion for Appointment of Counsel without Prejudice**

*Pro se* litigants "possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3rd Cir.2002); *see also DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir.1991). The court may request an attorney to represent a plaintiff if it finds that (1) the plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on the party's due process

rights. *DesRosiers v. Moran*, 949 F. 2d 15, 23 (1st Cir. 1991). While the plaintiff is indigent, he has not demonstrated "exceptional circumstances" that warrant appointment of counsel, but rather merely requests appointment of counsel. In any event, because the complaint needs to be amended, and the claims and their respective merits are unclear, the motion to appoint counsel will be denied without prejudice.

      **D.**      **Plaintiff's Claims against the Canton Police Department Will Be Dismissed without Prejudice.**

A municipal police department is not an entity subject to suit for purposes of an action brought under 42 U.S.C. §1983. Section 1983 provides, in relevant part, that "[e]very *person* [emphasis added] who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. The Canton Police Department is a department of the Town of Canton, not a "person" under § 1983, and consequently is not subject to suit. *See Cronin v. Town of Amesbury*, 895 F. Supp. 375, 383 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in §1983 action). Claims directed at the conduct of a municipal police department must be brought against the municipality, which in this case is the Town of Canton. While a municipality is a "person" for purposes of § 1983, to state a claim, the complaint must allege that the Town of Canton's "execution of a government's policy or custom . . . inflict[ed] the injury." *Monell Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Plaintiff's claims against the Canton Police Department will therefore be dismissed without prejudice.

### E.      Plaintiff Will Be Ordered to Amend the Complaint

The complaint in its current form is insufficiently pleaded under the basic pleading requirements of the Federal Rules of Civil Procedure. For example, the complaint lumps all of the "John Doe" defendants together over two distinct periods: first at the Canton police department, and then at the Norfolk County Correctional Center. It is not plausible that all of the defendants were involved in both episodes of conduct. If plaintiff intends to pursue a claim against the Town of Canton, municipal employees, the police officers, "John Does," and/or others purportedly involved in unconstitutional conduct, he must amend his complaint within 28 days of the entry of this order.[2] Any amended complaint will completely replace the earlier-filed complaint and must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quotations omitted). "This means that . . . the statement of the claim must at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quotations omitted). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Furthermore, under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Moreover,

---

[2] If the plaintiff names "John Doe" defendants in the amended complaint, summonses will not issue against them if the complaint survives screening pursuant to 28 U.S.C. § 1915(e)(2)(B) because "John Doe" is a fictitious name. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, the plaintiff discovers the true names of the "John Doe" defendants, he "should act promptly to seek leave to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Id.* at 8 n.5.

the claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III. Conclusion

For the foregoing reasons,

1. The motion to proceed *in forma pauperis* is GRANTED on the following condition: To the extent any material information other than detention status has changed since filing his motion to proceed *in forma pauperis*, plaintiff shall within 14 days of the entry of this memorandum and order file an amended Application to Procced in District Court without Prepaying Fees or Costs. The clerk shall provide a copy of this form to the plaintiff.

2. The motion for service by mail is DENIED.

3. The motion for appointment of *pro bono* counsel is DENIED without prejudice.

4. The claim against defendant Canton Police Department is DISMISSED without prejudice.

5. To the extent the plaintiff intends to pursue his claims, he shall within 28 days of the entry of this memorandum and order file an amended complaint that complies with the Federal Rules of Civil Procedure.

6. Failure to comply with this order will likely result in dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: March 7, 2017